1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LUIS MOLINA,

11            Plaintiff,                    No. CIV S-11-3180 JAM CKD P

12        vs.

13   EDMUND G. BROWN, JR.,                  ORDER AND

14            Defendant.                    FINDINGS & RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20            Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to

24   collect an initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

25   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

26   preceding month's income credited to plaintiff's prison trust account.  These payments will be

1

1   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

2   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3           The court is required to screen complaints brought by prisoners seeking relief

4   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8   U.S.C. § 1915A(b)(1),(2).

9           Plaintiff alleges that the Board of Parole Hearings violated his due process rights

10  and state law when it issued a seven-year denial of parole in August 2010.  Specifically, he

11  claims that the Board's denial was based on criteria outside the scope of state regulations

12  governing parole decisions, including whether plaintiff took responsibility for his crime and

13  showed insight into the crime.  He further claims that the Board's reliance on a psychological

14  evaluation in its decision to deny him parole was not authorized by state law.  Plaintiff also takes

15  issue with the Board's admonitions to upgrade vocationally and seek self-help in preparation for

16  his next parole hearing.  Plaintiff seeks a declaratory judgment stating that the Board violated his

17  rights and an injunction ordering the Board to provide plaintiff with a new parole hearing and "to

18  stop using illegal criteria" in its parole decisions.  (Dkt. No. 1 at 3.)

19  I.  Civil Rights

20          Plaintiff argues that his claims are cognizable under § 1983 because he "is not

21  seeking his freedom from confinement nor is he seeking a shorte[r] term of confinement," but is

22  seeking "an injunction and declaratory relief . . . ordering the parole board to stop using

23  unconstitutional criteria and a declaratory statement that said criteria violates his due process

24  rights."  (Id. at 12.)

25          State prisoners may challenge the constitutionality of state parole procedures in an

26  action under Section 1983 seeking declaratory and injunctive relief.  Wilkinson v. Dotson, 544

                                        2

1  U.S. 74, 76 (2005). Section 1983 remains available for procedural challenges where success in

2  the action would not necessarily spell immediate or speedier release for the prisoner. Id. at 81

3  ("[H]abeas remedies do not displace § 1983 actions where success in the civil rights suit would

4  not necessarily vitiate the legality of (not previously invalidated) state confinement.") Assuming

5  arguendo that plaintiff's claims concerning his 2010 parole hearing may be brought pursuant to

6  § 1983, however, plaintiff fails to state a cognizable claim for relief.

7         Title 15, Section 2402 of the California Code of Regulations sets forth various

8  factors to be considered by the Board in its parole suitability findings for convicted murderers

9  such as plaintiff. The regulation is designed to guide the Board's assessment regarding whether

10  the inmate poses an "unreasonable risk of danger to society if released from prison," and thus

11  whether he or she is suitable for parole. In re Lawrence, 44 Cal.4th 1181, 1202 (2008). The

12  Board is directed to consider all relevant, reliable information available, including the

13  circumstances of the prisoner's: social history; past and present mental state; past criminal

14  history, including involvement in other criminal misconduct which is reliably documented; the

15  base and other commitment offenses, including behavior before, during and after the crime; any

16  conditions of treatment or control, including the use of special conditions under which the

17  prisoner may safely be released to the community; and any other information which bears on the

18  prisoner's suitability for release. 15 Cal. Code Regs. § 2402(b).

19         The regulation also lists several specific circumstances which tend to show

20  suitability or unsuitability for parole. 15 Cal. Code Regs. § 2402(c)-(d). Factors bearing on

21  suitability include whether the inmate "indicat[es] that he understands the nature and magnitude

22  of the offense" and has shown signs of remorse; his institutional behavior, and psychological

23  factors. The overriding concern is public safety, In re Dannenberg, 34 Cal.4th at 1086, and the

24  focus is on the inmate's current dangerousness. In re Lawrence, 44 Cal.4th at 1205. Having

25  reviewed the Board's August 2010 statement of decision attached to the complaint, the court

26  finds no evidence that the Board used improper criteria in denying plaintiff parole or that the

1   hearing procedure was constitutionally invalid.

2          Moreover, plaintiff names Governor Brown as the sole defendant to this action.

3   Governors and other high-level state executive officials are not entitled to absolute immunity.

4   Mueller v. Auker, 576 F.3d 979 (9th Cir. 2009).  To determine whether a public official is

5   protected by qualified immunity, the Supreme Court clarified the framework set out in Saucier v.

6   Katz, 533 U.S. 194 (2001).  Pearson v. Callahan, 555 U.S. ----, 129 S.Ct. 808 (2009).  Here,

7   however, plaintiff fails to allege any wrongful conduct by the Governor.  Plaintiff must charge

8   the executive official with conduct which deprived plaintiff of a protected interest.  Plaintiff has

9   failed to do so here.  For this additional reason, his § 1983 claims should be dismissed.

10  II.  Habeas Corpus

11          While plaintiff asserts that he is not seeking a shorter term of confinement, his

12  requested relief includes an injunction ordering a new parole hearing.  In Butterfield v. Bail, 120

13  F.3d 1023, 1024 (9th Cir. 1997), plaintiff alleged in a § 1983 action that defendants violated his

14  due process rights "by considering false information in his prison file to find him ineligible for

15  parole."  The Ninth Circuit held that where a challenge to the procedures used in the denial of

16  parole "necessarily implicates the validity of the denial parole and, therefore, the prisoner's

17  continuing confinement[,]" the § 1983 action is barred by Heck.

18          Here, insofar as plaintiff's claims concerning his August 2010 parole hearing

19  "necessarily implicate[] the validity of the denial of parole," a § 1983 action is not the proper

20  vehicle to challenge the Board's procedures and/or decision.  Under Swarthout v. Cooke, ——

21  U.S. ——, 131 S.Ct. 859, 861–62 (2011) (per curiam), the only federal due process to which

22  plaintiff is entitled in connection with a parole decision by the Board of Parole Hearings is the

23  minimal procedural due process protections set forth in Greenholtz v. Inmates of Nebraska Penal,

24  442 U.S. 1, 16 (1979) (i.e., an opportunity to be heard, and a statement of reasons for the denial).

25  If plaintiff wishes to challenge the Board's denial of parole by arguing that the basic

26  requirements of due process under Swarthout were not met, the proper vehicle for such a

4

1  challenge is a petition for writ of habeas corpus.

2  III.  Futility of Amendment

3           Under Federal Rule of Civil Procedure 15(a)(2), federal courts are instructed to

4  "freely give leave [to amend] when justice so requires."  A district court, however, may in its

5  discretion deny leave to amend "due to 'undue delay, bad faith or dilatory motive on the part of

6  the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

7  prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of

8  amendment.' "  Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008)

9  (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

10          Here, as nothing in the complaint or the attached record suggests that the Board's

11  procedures violated plaintiff's constitutional rights so as to be actionable under § 1983, the

12  undersigned concludes that amendment would be futile and will recommend that the complaint

13  be dismissed with prejudice.

14          In accordance with the above, IT IS HEREBY ORDERED that:

15              1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

16              2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

17  All fees shall be collected and paid in accordance with this court's order to the Director of the

18  California Department of Corrections and Rehabilitation filed concurrently herewith.

19          IT IS HEREBY RECOMMENDED that the complaint be dismissed with

20  prejudice.

21          These findings and recommendations are submitted to the United States District

22  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

23  days after being served with these findings and recommendations, petitioner may file written

24  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

25  Findings and Recommendations."   Any response to the objections shall be filed and served

26  within fourteen days after service of the objections.  Petitioner is advised that failure to file

1   objections within the specified time may waive the right to appeal the District Court's order.

2   <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3     Dated: April 19, 2012

4
                                          _____
5                                         CAROLYN K. DELANEY
                                          UNITED STATES MAGISTRATE JUDGE
6

7

8

9   2
    moli3180.B
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26